**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00292-WJM-KMT

ANGELO ALBANO, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

MOLYCORP, INC.,
MARK A SMITH and
JAMES S. ALLEN,

        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
SEAN L. HARRINGTON FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF HIS SELECTION OF CO-LEAD COUNSEL**

Class member and lead plaintiff movant Sean L. Harrington ("Harrington") respectfully submits this motion for appointment as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; and for approval of Harrington's selection of the law firms of Lockridge Grindal Nauen P.L.L.P. and Zimmerman Reed PLLP to serve as lead counsel for the putative class pursuant to §21D(a)(3)(B)(v) of the Exchange Act.[1]

---

[1] Pursuant to D.C.COLO.L.CivR 7.1A, Counsel for Harrington has conferred in good faith with counsel for the Defendants on this Motion and Defendants take no position at this time. Counsel notified Mr. Albano's counsel but cannot confer with other prospective plaintiffs as they are unknown at this time.

454987.3

**I.      INTRODUCTION**

Presently pending before this Court is a securities fraud class action brought on behalf of all persons who purchased or otherwise acquired the common stock of Molycorp, Inc. on the New York Stock Exchange ("NYSE") between March 9, 2011 and November 10, 2011 (the "Class Period").[2] The Action is brought against Molycorp, Inc. and certain executives pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j(b) and 78(a)] and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5].

The PSLRA sets forth the manner by which courts are to select a lead plaintiff and lead counsel. Harrington should be appointed as Lead Plaintiff because: (1) his motion is timely filed; (2) to the best of his knowledge, he has the largest financial interest in the litigation; and (3) he will adequately represent the interests of the entire Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Additionally, Harrington's choice to serve as Lead Counsel, the law firms of Lockridge Grindal Nauen P.L.L.P. ("LGN") and Zimmerman Reed P.L.L.P. ("ZR"), and Liaison Counsel, the law firm of Charles Lilley & Associates, P.C. are all experienced and competent counsel and thus should be approved to represent the Class. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also* Declaration of Charles W. Lilley in Support of Sean L. Harrington's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Co-Lead Counsel ("Lilley Decl."), Exhibits A, B and C, Firm Resumes of LGN, ZR and Charles Lilley & Associates, P.C. respectively.

---

[2] The pending Action, *Albano v. Molycorp, Inc.*, et. al., 1:12-cv-00292-WJM-KMT, was filed on February 3, 2012 (the "Complaint").

## II. FACTUAL BACKGROUND

The Complaint alleges that on March 9, 2011, Molycorp filed its 2010 Form 10-K with the SEC outlining its modernization and expansion plan at the Mountain Pass mine that would double capacity and production. Then on or about June 7, 2011, Molycorp filed with the SEC a Form S-1/A Registration Statement ("Registration Statement"), signed by the Individual Defendants and members of the Company's Board of Directors, for the secondary offering of 11.5 million shares (including the overallotment) of Molycorp stock explaining the need for additional funding to support the previously announced expansion at the Mountain Pass mine. The Company continued to tout the progress of the expansion at Mountain Pass in a Form 10-Q filed with the SEC on August 11, 2011. On September 20, 2011, a J.P. Morgan securities analyst cut the target price of Molycorp by half as there was less demand for the Company's rare earth elements. The value of the Company's stock, trading on the NYSE under the ticker symbol MCP, immediately plunged from a September 19, 2011 closing price of $53.01 per share to a low of $41.33 per share on September 20, 2011, a 22% decrease. On November 10, 2011, the Company reported results that not only failed to meet expectations but included a reduction in Mountain Pass production guidance for the fourth quarter of 2011 due to expected equipment downtime relating to engineering and expansion issues. The Company's stock plunged again, dropping from $38.70 per share on November 10, 2011 to $33.45 per share on November 11, 2011, a 13.6% decrease. The series of false and misleading statements issued by the Company

during the Class Period served to inflate Molycorp's stock price and ultimately resulted in significant market losses for Class Members.

## III. ARGUMENT

### A. Harrington Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff.

The procedure for appointing a lead plaintiff in a private action brought pursuant to the Exchange Act is governed by the PSLRA. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) their right to file a motion for appointment as lead plaintiff within 60 days of publication (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Here the relevant notice was published on Business Wire on February 3, 2012. Lilley Decl., Ex. D, "Robbins Geller Rudman & Dowd LLP Files Class Action Suit Against Molycorp, Inc.", Business Wire, Feb. 3, 2012. Within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B); *In re Spectranetics Corp. Sec. Litig.*, No. 08 CV 2048-REB-KLM, 2009 WL 1663953, at *1 (D. Colo. June 15, 2009). Since the notice triggering the 60-day deadline for moving for appointment as lead plaintiff was issued on Feb. 3, 2012, the deadline to move is April 3, 2012, making this motion timely.

The PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff

the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Spectranetics*, 2009 WL 1663953, at *1-2; 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. Harrington Has Timely Moved for Appointment as Lead Plaintiff.

All putative class members who seek appointment as lead plaintiff in this matter are required to move for appointment by April 3, 2012. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provision of the PSLRA and within the requisite time frame following the publication of the Early Notice, Harrington hereby moves this Court for appointment as lead plaintiff on behalf of all members of the Class. Harrington has duly signed and filed a Certification stating his willingness to serve as a representative party on behalf of the Class. *See* Lilley Decl., Ex. E, Certification of Interest by Harrington.

### 2. Harrington Has the Requisite Financial Interest in the Relief Sought by the Class.

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the class action. During the Class Period, Harrington suffered combined losses of $42,838.21, based on

his Class Period purchases of Molycorp stock and due to Defendants' misconduct. *See* Lilley Decl., Ex. E, Certification of Interest By Harrington (Exhibit A).  To the best of Harrington's knowledge, his financial interest in this matter is the largest of any competing lead plaintiff movant.  Because Harrington has the requisite financial interest and, as discussed below, otherwise satisfies all of the prerequisites for appointment as lead plaintiff in this action, he should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. Harrington Satisfies the Requirements of Rule 23.

Pursuant to §21D(a)(3)(B) of the Exchange Act, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. *Spectranetics*, 2009 WL 1663953, at *2.  Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements. *In re Crocs, Inc., Sec. Litig.*, No. 07-cv-2351-REB-KLM, 2008 WL 4298316, *2 (D. Colo. Sept. 17, 2008); *In re Ribozyme Pharms. Sec. Litig.,* 192 F.R.D.

656, 658 (D. Colo. 2000) ("In deciding a motion to serve as lead plaintiffs, I limit my inquiry to these final two prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiffs move for class certification.").

### a. Typicality

"Typicality exists where the "injury and the conduct are sufficiently similar." *Spectranetics*, 2009 WL 1663953, at *2 [internal quotes omitted]. Although different plaintiffs may have different factual circumstances, typicality is "present so long as the claims of the class representative and class members are based upon the same legal or remedial theory." *Id.*; *see also Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Harrington satisfies this requirement because he, along with all the other proposed Class members, purchased Molycorp stock during the Class Period in reliance upon the false and misleading statements issued by Defendants and suffered damages. *Wolfe v. AspenBio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011). Thus, Harrington's claims arise from the same factual predicate and involve substantially the same legal arguments as those of the other Class members. Accordingly, the Court should find that Harrington satisfies Rule 23's typicality requirement.

### b. Adequacy

The adequacy requirement is satisfied where there is "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) the counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Id.* Harrington is an adequate lead plaintiff because his interest in pursuing the claims against Defendants are aligned with the

interests of members of the Class who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism between Harrington's interests and those of the other members of the Class and there is nothing to indicate that Harrington will do anything but vigorously pursue the Class' claims on behalf of the Class. Further, as demonstrated below, Harrington's proposed Lead Counsel, LGN and ZR, and Liaison Counsel, Charles Lilley & Associates, P.C. are highly qualified, experienced, and able to conduct this complex litigation in an efficient, effective, and professional manner. Lastly, Harrington is not subject to unique defenses and there is no evidence that Harrington seeks anything other than the greatest recovery for the Class consistent with the merits of the claims. Accordingly, Harrington satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### B. Harrington's Selection for Lead and Liaison Counsel Should Be Approved.

Pursuant to the Exchange Act, §21D(a)(3)(B)(v), the Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard Harrington has selected LGN and ZR to serve as Lead Counsel and Charles Lilley & Associates P.C. as Liaison Counsel.

Founded in 1978, LGN has specialized in federal court civil litigation for more than 30 years. The firm brings to this case the experience of many years of securities law practice. It has served as Lead or Co-Lead Counsel in many cases in the last 30 years, including in securities matters such as the Molycorp matter. *See* Ex. A.

ZR was founded in 1983 and has successfully represented thousands of consumers and injured individuals nationwide in significant and demanding cases. ZR

is a nationally recognized leader in complex and class action litigation and has been appointed as lead counsel in some of the largest and most complex cases in federal and state courts across the country.  *See* Ex. B.

Charles Lilley & Associates p.C. has served as Liaison Counsel in previous securities cases and a variety of complex litigation, and is capable of doing so here. *See* Lilley Decl., Ex. C.  These firms not only have substantial experience in the prosecution of shareholder and securities class actions, they possess the resources necessary to efficiently conduct this litigation.  As such, the Court should approve Harrington's selection of LGN and ZR as Co-Lead Counsel and Charles Lilley & Associates P.C. as Liaison Counsel for the Class.

## IV.   CONCLUSION

For all the foregoing reasons, Harrington respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of Lockridge Grindal Nauen and Zimmerman Reed to serve as Lead Counsel and Charles Lilley & Associates P.C. to serve as Liaison Counsel for the putative class; and (3) grant such other relief as the Court may deem just and proper.

DATED: April 3, 2012              Respectfully submitted,

/s/ Charles W. Lilley             .
Charles W. Lilley #9443
Karen Cody-Hopkins #35367 (Of Counsel)
CHARLES LILLEY & ASSOCIATES P.C.
730 17th Street, Suite 670
Denver, CO 80202
Tel: (303) 293-9800
Fax: (303) 298-8975
Email:  clilley@LilleyLaw.com
Email: karen@codyhopkinslaw.com

454987.3                              9

Gregg M. Fishbein
Karen H. Riebel
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Tel:  (612) 339-6900
Fax: (612) 339-0981

Carolyn G. Anderson
Brian C. Gudmundson
ZIMMERMAN REED, PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, Minnesota  55402
Tel:  (612) 341-0400
Fax:  (612) 341-0844

*Counsel for Proposed Lead Plaintiff Harrington*

454987.3                              10