IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-CV-0292-WJM-KMT

Angelo Albano, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MOLYCORP, INC., MARK A. SMITH and JAMES S. ALLEN

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF EDWARD ALEXANDER AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Class Member and Lead Plaintiff Movant Edward Alexander ("Alexander") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and for approval of Alexander's choice of Izard Nobel LLP to serve as Lead Counsel for the class.[1]

---

[1] Under Colorado Local Civil Rule 7.1A, counsel for movant Alexander has conferred in good faith with counsel for Defendants and Defendants take no position at this time on appointment as lead plaintiff or counsel for the lead plaintiff.  Defendants do reserve the right to challenge the adequacy of the plaintiffs as class representatives at a later stage of the proceedings, if necessary.  Plaintiff cannot confer with any potential competing lead plaintiff movants at this time as it is unknown who will make a motion in response to the notice issued under subparagraph(A)(1) of 15 U.S.C. §78u-4(a)(3)(B)(I).

1

## I. INTRODUCTION

Presently pending in this District is a securities fraud class action on behalf of those who purchased or otherwise acquired the common stock of Molycorp, Inc. ("Molycorp" or the "Company") between March 9, 2011 through November 10, 2011 (the "Class" and the "Class Period") pursuant to the 1934 Act.[2]

Here, Alexander should be appointed as lead plaintiff because: (i) his motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants; and (ii) Alexander is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because, to the best of his knowledge, he has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the Class, and otherwise meets the requirements of Fed.R. Civ. P. 23(a). Finally, Alexander's selection of Izard Nobel LLP as Lead Counsel should be approved, as Izard Nobel LLP has substantial experience prosecuting securities class action litigation.

## II. SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

Molycorp is a rare earth element mining company. By his Complaint, filed on February 3, 2012 Plaintiff alleged, *inter alia*, that Molycorp and certain of its officers and directors (collectively "defendants") violated Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder by making materially false statements concerning the capability of the Company's "Mountain Pass" mining operation and the

---

[2] *Albano v. Molycorp, Inc.,* et. al., 1:12-cv-0292-WJM-KMT, (the "Complaint") was filed on February 3, 2012.

Company's earnings.  Specifically, defendants misrepresented and/or failed to disclose the following adverse facts during the Class Period: (i) Molycorp's development and expansion of the Mountain Pass mine was not progressing on schedule and would not allow the Company to reach rare earth oxide production rates at the end of calendar 2012 and 2013; and (ii) end users had been reducing demand for the Company's products as prices for rare earth elements increased.

On November 10, 2011, the Company reported disappointing third quarter 2011 revenues and earnings results below analysts' estimates and announced a reduction in Mountain Pass production guidance for the fourth quarter of 2011 due to expected equipment downtime relating to Mountain Pass engineering and expansion issues. The Company's stock price fell, dropping from $38.70 per share on November 10, 2011 to $33.45 per share on November 11, 2011, or 13.6%, on heavy trading volume. Defendants' false and misleading statements caused Molycorp common stock to trade at artificially inflated prices throughout the Class Period, resulting in significant losses for Class Members.

## III.     ALEXANDER SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.     The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  See 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under

the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(I).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I);  *see also In re Oppenheimer Rochester Funds Group Secs. Litig.*, No. 09-md-02063-JLK-KMT, 2009 WL 4016635, at *3 (D.Colo. Nov. 18, 2009).  The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2010 WL 749864, at *2 (D.Colo. March 3, 2010).

### B. The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On February 3, 2012 Robbins Geller Rudman & Dowd LLP caused a notice to be published on *Business Wire* that advised persons who suffered losses from transactions in Molycorp common stock during the Class Period of (i) the pendency of a securities class action against defendants, (ii) the claims asserted on behalf of the Class and (iii) the right of any Class Member to move the court to serve as lead plaintiff within the 60-day period (by April 3, 2012) (the "Notice"). *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 216 (D.N.J. 1999).[3]

### C. Alexander Has The Largest Financial Interest In The Relief Sought By The Class

According to the information provided in the Certification of Named Plaintiff submitted by Alexander (Nobel Declaration, Exhibit A), Mr. Alexander purchased 5,600 shares of Molycorp during the Class Period and sustained estimated losses of approximately $118,497. Alexander knows of no other Class Member who has sought

---

[3] A copy of the Notice is attached as Exhibit B to the Nobel Declaration.

to be Lead Plaintiff that possesses a larger financial interest in this litigation. Based on his significant losses, Alexander has "the largest financial interest in the relief sought" by the Class.

### D. Alexander Has Satisfied The Other Requirements Of The PSLRA

Alexander has satisfied each of the other requirements of the PSLRA. First, he has signed a certification, under oath, which:

(i) states that he has reviewed the Complaint;

(ii) states that he did not purchase Molycorp securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii) states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) sets forth all of his transactions in the securities of Molycorp;

(v) states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(vi) states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, 06-06304, 2007 WL 1129344, at *3 (N.D. Cal. April 16, 2007).[4]

---

[4] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, at this stage of the litigation a proposed lead plaintiff need only make a preliminary showing that he satisfy the typicality and adequacy requirements of Rule 23. *See In re Ribozome Pharmaceuticals, Inc. Securities Litigation,* 192 F.R.D. 656, 658 (D. Colo. 2000).

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class. *See In re Crocs, Inc. Secs. Litig.,* No. 07-cv-2351-REB-KLM*,* 2008 WL 4298316, at *2 (D.Colo. Sept. 17, 2008). The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct. *See Wolf v. Aspenbio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. July 11, 2011)*.*

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed lead plaintiff does not have potential conflicts with the proposed class, and where the proposed lead plaintiff's counsel is qualified and experienced and able to vigorously litigate the action. *See In re Crocs, Inc. Secs. Litig.,* No. 07-cv-2351-REB-KLM*,* 2008 WL 4298316, at *2 (D.Colo. Sept. 17, 2008). Here, Alexander's claims are typical of those claims belonging to all Class Members. Alexander, like all Class Members, maintains that he suffered losses due to defendants' materially false statements in violation of the federal securities laws. Further, Alexander's interests are clearly aligned

with those of the Members of the Class, and there is no evidence of any antagonism between his interests and those of the Class. Alexander has also demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of lead plaintiff and class representative. Accordingly, Alexander has shown that his claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

      **E.**     **The Court Should Approve Alexander's Selection Of Lead Counsel**

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995).

The Court should approve Alexander's selection of Izard Nobel LLP as Lead Counsel. As detailed in its firm resume (Nobel Declaration, Exhibit C), Izard Nobel LLP has extensive experience in the area of securities class action litigation. Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

## IV.  CONCLUSION

For the foregoing reasons, Alexander respectfully requests that this Court appoint him to serve as Lead Plaintiff on behalf of the Class and approve his selection of Izard Nobel LLP as Lead Counsel.

DATED: April 3, 2012                                Respectfully submitted,

                                                                        IZARD NOBEL LLP


                                                                        /s/ Jeffrey S. Nobel

                                                                        JEFFREY S. NOBEL
                                                                        NANCY A. KULESA  (of Counsel)
                                                                        29 South Main Street, Suite 215
                                                                        West Hartford, CT  06107
                                                                        Telephone:  860/493-6292
                                                                        FAX:  860/493-6290
                                                                        E-mail: jnobel@izardnobel.com
                                                                        E-mail: nkulesa@izardnobel.com

                                                                        *Counsel for Proposed Lead Plaintiff Edward Alexander*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 3, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing system will be sent by e-mail to all parties by operation of the Court's electronic filing system or will be served on all parties not registered for electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ JEFFREY S. NOBEL
                                                Jeffrey S. Nobel

10