**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00292-WJM-KMT

ANGELO ALBANO, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

MOLYCORP, INC.,
MARK A. SMITH and
JAMES S. ALLEN,

      Defendants.

---

**MOTION TO APPOINT THE MOLYCORP SHAREHOLDER GROUP AS LEAD
PLAINTIFF AND TO APPROVE SELECTION OF LEAD COUNSEL**

---

Plaintiffs/movants Philip Marner, Jerry W. Jewell, individually and as Trustee for the Jerry W. Jewell Trust, Donald McAlpin and Randall Duck (collectively, the "Molycorp Shareholder Group"), respectfully move the Court, pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, for entry of an Order appointing the Molycorp Shareholder Group as lead plaintiff in the above-captioned action and approving its selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as co-lead counsel and Dyer & Berens LLP ("Dyer & Berens") as liaison counsel for the class.[1]

## I.    INTRODUCTION

The above-captioned securities class action lawsuit is brought on behalf of purchasers of Molycorp, Inc. ("Molycorp" or the "Company") common stock on the New York Stock Exchange during the period between March 9, 2011 and November 10, 2011, inclusive (the "Class Period"). This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. §2410.10b-5.

The PSLRA sets forth the manner by which courts are to select a lead plaintiff. Pursuant to the PSLRA, the court is to appoint as lead plaintiff the movant with the largest financial interest in

---

[1]    Pursuant to D.C.COLO.L.Civ.R 7.1A, counsel for the Molycorp Shareholder Group conferred with defense counsel regarding this motion. Defense counsel state that they do not take a position on who should be appointed by the Court as lead plaintiff or counsel for the lead plaintiff. Nevertheless, they reserve the right to challenge the adequacy of the plaintiffs as class representatives at a later stage of the proceedings, if necessary.

- 1 -

the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Molycorp Shareholder Group should be appointed as lead plaintiff because: (i) it timely filed for appointment as lead plaintiff; (ii) to the best of its knowledge, the Molycorp Shareholder Group has the largest financial interest in this litigation; and (iii) it will adequately represent the interests of the class.  *See id.*; *see also infra* Section III.  Additionally, the Molycorp Shareholder Group has retained experienced and competent counsel to represent the class.  As the "most adequate plaintiff," the Molycorp Shareholder Group's selection of Kessler Topaz and Robbins Geller to serve as co-lead counsel and Dyer & Berens as liaison counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Molycorp is a rare earth element mining company.  The complaint alleges that defendants' false and misleading statements about the capability of the Company's "Mountain Pass" mining operation and the Company's earnings caused Molycorp common stock to trade at artificially inflated prices throughout the Class Period.  Specifically, defendants misrepresented and/or failed to disclose the following adverse facts during the Class Period: (a) Molycorp's development and expansion of the Mountain Pass mine was not progressing on schedule and would not allow the Company to reach rare earth oxide production rates at the end of calendar 2012 and 2013; and (b) end users had been reducing demand for the Company's products as prices for rare earth elements increased.

On November 10, 2011, the Company reported disappointing third quarter 2011 revenues and earnings results below analysts' estimates and announced a reduction in Mountain Pass

- 2 -

production guidance for the fourth quarter of 2011 due to expected equipment downtime relating to Mountain Pass engineering and expansion issues. The Company's stock price fell, dropping from $38.70 per share on November 10, 2011 to $33.45 per share on November 11, 2011, or 13.6%, on heavy trading volume.

## III.   ARGUMENT

### A.   The Molycorp Shareholder Group Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in a private action arising under the Exchange Act that is brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on February 3, 2012. *See* Declaration of Jeffrey A. Berens in Support of Motion to Appoint the Molycorp Shareholder Group as Lead Plaintiff and to Approve Selection of Lead Counsel ("Berens Decl."), Ex. A. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the

- 3 -

interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is:

> the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B.   The Molycorp Shareholder Group Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by April 3, 2012.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  Pursuant to the provisions of the PSLRA and within the requisite time frame following the publication of the requisite notice, the Molycorp Shareholder Group hereby moves this Court for appointment as lead plaintiff on behalf of all members of the class.  The Molycorp Shareholder Group has also duly signed and filed certifications and a Joint Declaration stating its willingness to serve as a representative party on behalf of the class.  *See* Berens Decl., Exs. B, D.

### C.   The Molycorp Shareholder Group Has the Requisite Financial Interest in the Relief Sought by the Class

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the class action.  During the Class Period, the Molycorp Shareholder Group suffered combined losses of $705,607.47 based on its Class Period

- 4 -

purchases of Molycorp stock due to defendants' misconduct.  *See* Berens Decl., Ex. C.  To the best of the Molycorp Shareholder Group's knowledge, its financial interest in this matter is the largest of any competing lead plaintiff movant.  Accordingly, the Molycorp Shareholder Group should be appointed lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B).

> **D.      The Molycorp Shareholder Group Satisfies the Requirements of Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements and only a preliminary showing is necessary.  *Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011).

> **E.      Typicality**

The typicality requirement is satisfied "'so long as the claims of the class representative and class members are based upon the same legal or remedial theory.'"  *Id.* at 628 (citation omitted). The Molycorp Shareholder Group satisfies this requirement because, just like all other proposed class members, it purchased Molycorp stock during the Class Period in reliance upon the false and

- 5 -

misleading statements issued by Defendants and suffered damages thereby. *Id.* Thus, the Molycorp

Shareholder Group's claims arise from the same factual predicate and involve substantially the same

legal arguments as those of the other class members.   Accordingly, the Court should find that the

Molycorp Shareholder Group satisfies Rule 23's typicality requirement.

### F.    Adequacy

The adequacy requirement is satisfied where there is "'(1) the absence of potential conflict

between the named plaintiffs and the class members and (2) that counsel chosen by the

representative parties is qualified, experienced and able to vigorously conduct the proposed

litigation.'" *Id.* (citation omitted).   The Molycorp Shareholder Group also satisfies the adequacy

requirement.   Here, the Molycorp Shareholder Group is an adequate lead plaintiff because its interest

in aggressively pursuing the claims against defendants is aligned with the interests of the members of

the class who were similarly harmed as a result of defendants' false and misleading statements.

There is no antagonism between the Molycorp Shareholder Group's interests and those of the other

members of the class and there is nothing to indicate that the Molycorp Shareholder Group will do

anything but vigorously pursue the claims on behalf of the class.   Additionally, the Molycorp

Shareholder Group has demonstrated its commitment to working together cohesively as a group by

executing a Joint Declaration explaining the reasons for joining together, its commitment to

maximizing recovery for the class, and the mechanisms through which it will make litigation

decisions and oversee the efficient and effective prosecution of this case. *See* Berens Decl., Ex. D;

*see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y.

2009) (appointing group and noting "declarations demonstrating cooperative efforts among" the

group's members); *Sabbagh v. Cell Therapeutics*, No. C 10-414 MJP, 2010 U.S. Dist. LEXIS 93614,

- 6 -

at *18-19 (W.D. Wash. Aug. 2, 2010) (joint declaration addresses concerns expressed by courts when appointing groups).[2]

Further, as demonstrated below, the Molycorp Shareholder Group's proposed counsel is qualified, experienced, and able to conduct this complex litigation in an efficient, effective, and professional manner.  Lastly, the Molycorp Shareholder Group is not subject to unique defenses and there is no evidence that the Molycorp Shareholder Group seeks anything other than the greatest recovery for the class consistent with the merits of the claims.

Accordingly, the Molycorp Shareholder Group satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### G.    The Molycorp Shareholder Group's Selection of Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, the Molycorp Shareholder Group, as the presumptively most adequate plaintiff, has selected Kessler Topaz and Robbins Geller to serve as co-lead counsel and Dyer & Berens as liaison counsel for the class.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field.  Kessler Topaz is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors under

---

[2]    The Molycorp Shareholder Group respectfully believes that combined they would represent the experiences and knowledge of a broad array of class members and provide the best possible representation of the class.  Nevertheless, should the Court believe that combining into the Molycorp Shareholder Group is not in the best interests of the class, the Molycorp Shareholder Group requests, in the alternative, the appointment of the member of the group with the single largest financial interest, Philip Marner.

699071_1

the PSLRA, including, for example: *In re Tyco Int'l, Ltd. Sec. Litig.*, No. 02-1335-B (D.N.H. 2002) (recovering $3.2 billion for investors). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including actions involving Lehman Brothers, Bank of America, Medtronic, Johnson & Johnson, and UBS. *See* Berens Decl., Ex. E.

Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. *See* Berens Decl., Ex. F. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Berens Decl., Ex. F. Robbins Geller attorneys were also responsible for the $925 million recovery in *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J). Indeed, in approving the lead plaintiff's choice of Robbins Geller's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Enron*, 206 F.R.D. at 458. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

Proposed liaison counsel, Dyer & Berens, has significant experience in securities class action litigation and has served as liaison counsel (and lead counsel)in numerous cases in this District and throughout the country. *See* Berens Decl., Ex. G. As such, the Court should approve the Molycorp

- 8 -

Shareholder Group's selection of Kessler Topaz and Robbins Geller as co-lead counsel and Dyer & Berens as liaison counsel for the class.

Thus, the Court may be assured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.  CONCLUSION

The Molycorp Shareholder Group has satisfied each of the PLSRA's requirements for appointment as lead plaintiff.  As such, the Molycorp Shareholder Group respectfully requests that the Court appoint it as lead plaintiff, approve its selection of Kessler Topaz and Robbins Geller as co-lead counsel and Dyer & Berens as liaison counsel for the class, and grant such other relief as the Court may deem just and proper.

DATED:  April 3, 2012                     Respectfully submitted,

                                          DYER & BERENS LLP
                                          ROBERT J. DYER III
                                          JEFFREY A. BERENS


                                          _____
                                               s/ JEFFREY A. BERENS
                                              JEFFREY A. BERENS

                                          303 East 17th Avenue, Suite 300
                                          Denver, CO  80203
                                          Telephone:  303/861-1764
                                          303/395-0393 (fax)
                                          bob@dyerberens.com
                                          jeff@dyerberens.com

                                          [Proposed] Liaison Counsel for Plaintiffs

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRIG R. SMITH
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

KESSLER TOPAZ MELTZER
  & CHECK, LLP
SEAN M. HANDLER
NAUMON A. AMJED
RYAN T. DEGNAN
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 3, 2012.

s/ JEFFREY A. BERENS
JEFFREY A. BERENS

DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

E-mail: jeff@dyerberens.com

699071_1

# Mailing Information for a Case 1:12-cv-00292-WJM-KMT

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com

- **Gregory J. Kerwin**
  gkerwin@gibsondunn.com,Denver_USDC@gibsondunn.com,AKostecka@gibsondunn.com,lhoward@gibsondunn.com

- **Allison Kaye Kostecka**
  akostecka@gibsondunn.com,lapodaca@gibsondunn.com

- **Charles Walter Lilley**
  clilley@lilleylaw.com

- **Rana Nader**
  rnader@jonesday.com,epete@jonesday.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)