**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00292-WJM-KMT

ANGELO ALBANO, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MOLYCORP, INC.,
MARK A SMITH and
JAMES S. ALLEN,

    Defendants.

_____

**MOTION OF GORDON BRATTER FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF HIS SELECTION OF LEAD AND LIAISON COUNSEL**

# PRELIMINARY STATEMENT

Gordon Bratter ("Mr. Bratter" or "Movant") respectfully moves this Court for an order: (1) appointing Mr. Bratter as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving his selection of the law firms of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class and The Shuman Law Firm ("SLF") as Liaison Counsel for the Class.[1]

Mr. Bratter makes this Motion on the belief that he is the most "adequate plaintiff" as defined in the PSLRA because:

1. to his knowledge, he has the largest financial interest in the relief sought by the Class and has incurred substantial losses as a result of his purchases of Molycorp, Inc. common stock during the Class Period, and

2. he satisfies the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23.

Mr. Bratter fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in his certification and loss chart attached to the Declaration of Kip Shuman in Support of Mr. Bratter's Motion to be Appointed Lead Plaintiff and Approval of Mr. Bratter's Selection of Lead and Liaison Counsel (the "Shuman Decl.", attached hereto) at Exhibit A and Exhibit B, Mr. Bratter has suffered significant losses as a result of his purchases of common stock in Molycorp, Inc. ("Molycorp" or the "Company") between the dates of March 9, 2011 and November 10, 2011, inclusive (the

---

[1] Pursuant to D.C.COLO.LCivR 7.1A, Counsel for Mr. Bratter has conferred in good faith with Counsel for the Defendants and Counsel for Plaintiff Angelo Albano, and neither Plaintiff Albano, nor Defendants take a position on this motion at this time.

"Class Period"). To the best of his knowledge, Mr. Bratter has sustained the largest losses of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Bratter's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of the duties of serving in that role. Moreover, Mr. Bratter satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the most adequate plaintiff.

Mr. Bratter further requests that the Court approve his selection of counsel, KSF and SLF, as Lead and Liaison Counsel for the Class. As detailed below, KSF and SLF are nationally-recognized law firms with significant class action, securities fraud, and complex litigation experience, and have the resources to effectively and efficiently pursue this action.

Accordingly, Mr. Bratter respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) appointing Mr. Bratter as Lead Plaintiff in this action; and (2) approving Mr. Bratter's selection of the law firm of KSF as Lead Counsel and SLF as Liaison Counsel for the Class.

**PROCEDURAL BACKGROUND**

Currently pending in this District is a class action lawsuit filed on February 3, 2012 on behalf of all persons who purchased or otherwise acquired the common stock of Molycorp between March 9, 2011 and November 10, 2011, inclusive, against Molycorp, and the Company's Chief Executive Officer Mark A. Smith and Chief Financial Officer James S. Allen for violations of the Exchange Act. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 3,

2012, notice of the lawsuit was published in Reuters, a widely-circulated national wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than April 3, 2012. *See* Shuman Decl. at Exhibit C.

Mr. Bratter is a Class Member (*see* Shuman Decl. at Exhibit A) who has timely filed this motion within the 60-day period following publication of the February 3, 2012 notice.

## STATEMENT OF FACTS[2]

Molycorp is a rare earth element mining company with its principle offices in Greenwood Village, Colorado. Defendants Mark A. Smith and James S. Allen (collectively, the "Individual Defendants) were the Chief Executive Office and Chief Financial Officer, respectively, of Molycorp at all relevant times.

On March 9, 2011, Molycorp filed with the Securities and Exchange Commission ("SEC") its Form 10-K, signed by Smith and Allen, stating that the Company was expanding and modernizing its mining operations that would increase the Company's capacity to extract valuable rare earth minerals. On or about June 7, 2011, Molycorp filed with the SEC a Form S-1/A Registration statement for a secondary offering of 11.5 million shares of Molycorp stock which highlighted the Company's expansion plans and the need for additional funding to support the expansion. The company cited their strong supply of reserves of rare earth minerals, a reduced Chinese supply, and improved extraction technologies, and predicted a life in excess of 30 years at a yearly rate of approximately 19,050 metric tons of rare earth oxides ("REO") at their Mountain Pass mine. In connection with the June 7, 2011 secondary offering, numerous insiders reported sales of $700 million in Molycorp stock. In the August 11, 2011 Form 10-Q

---

[2] This section is based on the allegations contained in the sole complaint filed in this case to date.

filed with the SEC, the Company again represented that it would complete its modernization and expansion efforts by the end of 2012, allowing the Company to produce 19,050 metric tons of REO per year.

These statements in the March 9, 2011 Form 10-K, the June 7, 2011 Registration statement, and the August 11, 2011 Form 10-Q were materially false and misleading when made because Defendants failed to disclose numerous adverse material facts, including:

i) The development and expansion of the Mountain Pass mine was not progressing on schedule and would not allow the Company to reach the production rates on time;

ii) There was a reduced demand for the Company's products; and

iii) The delays in production were making it difficult, if not impossible, for the Company to deliver certain products to key customers.

On September 20, 2011, a J.P. Morgan securities analyst cut the target price of Molycorp by half as there was less demand for the Company's rare earth elements. In response to J.P. Morgan's cut in the target price of Molycorp, the value of the Company's stock plummeted from a September 19, 2011 closing price of $53.01 per share to a low of $41.33 per share on September 20, 2011, representing a 22% decrease on heavy trading volume.

On November 10, 2011, the Company reported its disappointing third quarter revenues and earnings results that were below the analysts' estimates. The company also announced a reduction in Mountain Pass production guidance for the fourth quarter of 2011. On this news, the Company's stock price plummeted again, dropping from $38.70 per share on November 10, 2011 to $33.45 per share on November 11, 2011 on heavy trading volume.

Due to Defendants' misleading statements and omissions regarding the progress of it mining operations and the market outlook for its products, Class Members purchased Molycorp securities at inflated prices. When the truth was revealed on the market, the stock price plummeted, causing harm to Class Members.

## ARGUMENT

### I. THE PSLRA'S LEAD PLAINTIFF PROVISIONS

The PSLRA establishes a detailed procedure for the appointment of lead plaintiffs to oversee securities class actions arising under the Exchange Act.

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* U.S.C. § 78u-4(a)(3)(A)(i). In this case, notice was published in Reuters on February 3, 2012. *See* Shuman Decl. Exhibit C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than April 3, 2012. Within 60 days of publishing the notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(i)(II) and (B)(i).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff", the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this tile is the person or group of persons that—

5

    (aa) has either filed the complaint or made a motion in response to a notice…

    (bb) in determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In Re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo., 2000).

## II. MR. BRATTER IS THE "MOST ADEQUATE PLAINTIFF" AND SHOULD BE APPOINTED LEAD PLAINTIFF

### A. Mr. Bratter Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Mr. Bratter moves this Court to be appointed Lead Plaintiff and has timely filed this motion to be appointed Lead Plaintiff within the 60 day time period requirement. Notice was published in Reuters on February 3, 2012. Accordingly, Mr. Bratter meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(a) by filing this motion by April 3, 2012.

Moreover, Mr. Bratter has sustained a substantial loss from his investment in Molycorp stock and has shown his willingness to represent the class by signing a certification detailing his transactions in Molycorp securities during the Class Period. *See* Shuman Decl. Exhibit A. As demonstrated by his certification, Mr. Bratter is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Bratter has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biographies of proposed Lead Counsel, KSF and Liaison Counsel SLF, are attached hereto as Exhibit D and Exhibit E to the Shuman Declaration.

### B.     Mr. Bratter Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See In re Crocs, Inc.*, No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *5 (D. Colo. Sept. 17, 2008); *see also Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004). Mr. Bratter's total Class Period losses amount to $299,269.03.[3]  *See* Shuman Decl., Exhibit B. To the best of his knowledge, Mr. Bratter has the largest known financial interest in the relief sought by the Class, as demonstrated herein.

### C.     Mr. Bratter Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Ribozyme*, 192 F.R.D. at 658.  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. *See In re Ribozyme*, 192 F.R.D. at 658.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should

---

[3] Mr. Bratter's losses calculated under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) is slightly higher at $300,832.45.  *See* Shuman Decl., Exhibit B.

limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.; see also Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff Selection under the PSLRA).    As detailed below, Mr. Bratter satisfies both the typicality and adequacy requirements of Rule 23(a) thereby justifying his appointment as Lead Plaintiff.  Mr. Bratter has claims that are typical of those of other class members and can adequately serve as Lead Plaintiff.

### 1. Mr. Bratter's Claim Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties are "typical of the claims…of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims are the same or similar as the Class claims, but they need not be identical so long as the claims are based on the same legal or remedial theory. *See In re Ribozyme*, 192 F.R.D. at 658-59 *citing Adamson v. Bowen*, 855 F. 2d 668, 676 (10th Cir. 1988).

In this case, the typicality requirement is met because Mr. Bratter's claims are identical, non-competing and non-conflicting with the claims of the other Class Members.  Mr. Bratter and all of the Class Members (1) purchased Molycorp securities during the Class Period, (2) purchased Molycorp securities when the stock prices were artificially inflated as a result of Defendants' fraudulent misrepresentations and omissions, and (3) suffered damages thereby. Mr. Bratter's claims are the same as the claims of other Class Members and are based on the same legal theory.  Thus, Mr. Bratter meets the typicality requirement of Rule 23(a).

### 2. Mr. Bratter Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether the presumptive most adequate plaintiff: (1) will fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B). The standard for adequacy under Rule 23 is met when there is: "(1) an absence of potential conflict between the named plaintiffs and the class members, and (2) the counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *See In re Ribozyne*, 192 F.R.D. 659.

Mr. Bratter is an adequate representative of the Class. His interests are clearly aligned with the Class Members because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Mr. Bratter has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Mr. Bratter's identical interest with the Class Members, clearly shows that Mr. Bratter will adequately and vigorously pursue the interests of the Class. In addition, Mr. Bratter has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

Therefore, since Mr. Bratter not only meets both the typicality and adequacy requirements of Rule 23, and has sustained the largest amount of losses at the hands of the

Defendants, he is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III. THE COURT SHOULD APPROVE MR. BRATTER'S SELECTION OF LEAD COUNSEL AND LIASION COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this court should not disturb Lead Plaintiff's selection of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), *see also In re Ribozyme*, 192 F.R.D. at 662.

Movant has selected KSF to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Shuman Decl. Exhibit D. KSF is a boutique law firm with offices in New York City and Louisiana. KSF focuses predominantly on class actions, in the areas of securities and consumer fraud, and on shareholder derivative and other complex litigation. Since its inception in 2000, KSF has recovered tens of millions of dollars for its clients. The lawyers of KSF have extensive experience litigating complex matters. Currently, KSF serves as lead or co-lead counsel in numerous class action securities litigations as well as in various other cases with national significance, including *In re Moody's Corporation Shareholder Derivative Litigation*, Case No. 1:09-cv-06063 (GBD) (S.D.N.Y.) (lead counsel for cases involving no pre-suit demand), and *In re Bank of America Corporation Derivative Litigation*, Master File No. 09-MDL-2058 (DC). Charles C. Foti, Jr., one of the firms' name partners, served as the Attorney General for the state of Louisiana from 2004-2008, after serving for 30

years as Orleans Parish Criminal Sheriff. Furthermore, Mr. Bratter's counsel has continually invested time and resources in carefully investigating and prosecuting this case.

Similarly, SLF is highly experienced in litigating securities class action lawsuits and shareholder derivative cases. *See* Shuman Decl. at Exhibit E. Notably, courts in this district have praised SLF's work in prior securities related cases. For example, at a hearing to appoint lead plaintiffs, lead counsel, and liaison counsel in *In Re Rhythms Securities Litigation*, United States District Court Senior Judge John L. Kane complimented Mr. Shuman, of SLF, on having done an "excellent job" in all of the class action securities matters held in his court to date. SLF is currently serving as lead counsel in the securities class action *Mishkin v. Zynex, Inc. et al*, Case No. 09-cv-780-REB-KLM (Dkt. No. 59) pending in this District. More recently, SLF was appointed liaison counsel in nine coordinated complex securities class actions brought against various Oppenheimer-related entities based upon alleged violations of the federal securities laws. *See In re Oppenheimer Fixed Income Fund Actions,* Case Nos. 09-cv-386-JLK-KMT (Dkt. No. 76) and 09-cv-01186-JLK-KMT (Dkt. No. 80); *In re Oppenheimer Rochester Funds Group Securities Litigation*, Case No. 09-md-2063 (Dkt. No. 223).

This Court may be assured that in the event this motion is granted, Class Members will receive the highest caliber of legal representation.

## **CONCLUSION**

For all the foregoing reasons, Mr. Bratter respectfully requests that this Court: (1) appoint Mr. Bratter to serve as Lead Plaintiff in this action; (2) approve Mr. Bratter's selection of Lead and Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 3, 2012      /s/ Kip Shuman
Kip B. Shuman
Rusty E. Glenn
**THE SHUMAN LAW FIRM**
885 Arapahoe Ave.
Boulder, CO 80302
Telephone: (303) 861-3003
Facsimile: (303) 484-4886
Email: kip@shumanlawfirm.com
Email: rusty@shumanlawfirm.com

*Proposed Liaison Counsel for the Class*

Kim E. Miller
**KAHN SWICK & FOTI, LLC**
500 Fifth Avenue, Ste. 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

and

Lewis S. Kahn
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

*Attorneys for Gordon Bratter and Proposed Lead Counsel for the Class*

## Certificate of Service

I hereby certify that the foregoing was filed with this Court on April 3, 2012 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

    s/ Rusty E. Glenn
    Rusty E. Glenn