**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00292-WJM-KMT

ANGELO ALBANO, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MOLYCORP, INC.,
MARK A. SMITH and
JAMES S. ALLEN,

    Defendants.

# THE MOLYCORP SHAREHOLDER GROUP'S MEMORANDUM IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

On April 3, 2012, five movants filed motions for appointment as lead plaintiff: (1) the Molycorp Shareholder Group, consisting of Philip Marner, Jerry W. Jewell, Individually and as Trustee of the Jerry W. Jewell Trust, Donald McAlpin and Randall Duck; (2) Gordon Bratter; (3) the Allen Group, consisting of John Allen, Peter Casale, Michael Fitzpatrick and Harry Yianni; (4) Edward Alexander; and (5) Sean Harrington. Dkt. Nos. 20, 23, 25, 27, 28. The Molycorp Shareholder Group respectfully submits this memorandum in opposition to the competing motions for appointment as lead plaintiff.

## I.   INTRODUCTION AND BACKGROUND

This securities class action lawsuit was brought on behalf of all persons who purchased or otherwise acquired the securities of Molycorp, Inc. ("Molycorp") between March 9, 2011 and November 10, 2011, inclusive (the "Class Period"), and asserts claims pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"). Therefore, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a), dictates the appointment of a lead plaintiff in this case.

Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant (1) with the "largest financial interest in the relief sought by the class," and (2) "who otherwise satisfies the requirements of Rule 23." *See In re Karkus*, No. 09-1500, 2010 U.S. App. LEXIS 24559, at *5 (10th Cir. Jan. 27, 2010);

*see also In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Based on the submissions made by the five lead plaintiff movants, the Molycorp Shareholder Group is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Molycorp Shareholder Group suffered the largest losses ($705,607) from its purchases of Molycorp securities during the Class Period, and the Molycorp Shareholder Group has demonstrated that it meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* Dkt. No. 27 at 5-7.

Accordingly, the Molycorp Shareholder Group should be appointed as Lead Plaintiff and its selection of Kessler Topaz Meltzer & Check, LLP and Robbins Geller Rudman & Dowd LLP to serve as Co-Lead Counsel in this litigation should be approved. *See In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009).

## II. ARGUMENT

### A. The Molycorp Shareholder Group Satisfies All of the PSLRA's Lead Plaintiff Requirements

Based upon the submissions by the lead plaintiff movants, the Molycorp Shareholder Group has the largest financial interest of any of the movants:

| MOVANT | LOSSES |
|---|---|
| Molycorp Shareholder Group | $705,607 |
| Gordon Bratter | $299,269 |
| Allen Group | $216,509 |
| Edward Alexander | $118,497 |
| Sean Harrington | $42,838 |

In addition, one of the members of the Molycorp Shareholder Group, Philip Marner, *alone* suffered losses of $396,816, which is the single largest loss of any of the individual movants. *See* Dkt. No. 29-3 (Loss Chart); *see also Goldstein v. Puda Coal, Inc.*, No. 11 Civ. 02598 (BSJ) (HBP), 2011 U.S. Dist. LEXIS 140359, at *21 (S.D.N.Y. Dec. 6, 2011) (appointing group including member asserting largest individual losses); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (same). Thus, it is undisputed that the Molycorp Shareholder Group has the largest financial interest in the relief sought by the class in this case.

In addition to having the "largest financial interest" in this litigation among the lead plaintiff movants, the Molycorp Shareholder Group also "otherwise satisfies the requirements of Rule 23," as required by the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc); *see* Dkt. No. 27 at 5-7. Because the Molycorp Shareholder Group has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

- 3 -

### B. The Presumption of "Most Adequate Plaintiff," Which Lies in Favor of the Molycorp Shareholder Group, Cannot Be Rebutted

The presumptive lead plaintiff, in this case the Molycorp Shareholder Group, must be appointed unless it is ***proven*** that the movant will not satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).  "[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268; *see also Cavanaugh*, 306 F.3d at 730-32.

The Molycorp Shareholder Group is not subject to unique defenses and has explicitly affirmed its commitment to protecting the class' interests.  The Molycorp Shareholder Group has also submitted a Joint Declaration demonstrating its commitment to working together cohesively as a group and explaining the reasons for joining together, its commitment to maximizing recovery for the class, and the mechanisms through which it will make litigation decisions and oversee the efficient and effective prosecution of this case.  Dkt. No. 32-1; *see also In re Spectranetics Corp. Secs. Litig.*, No. 08-cv-02048-REB-KLM, 2009 U.S Dist. LEXIS 54809, at *16 (D. Colo. June 15, 2009) (Blackburn, J.) (concluding that a small group of unrelated

investors could "work together to actively oversee the litigation and to monitor the work of counsel" and appointing the group as lead plaintiff); *Friedman v. Quest Energy Ptnrs. LP*, 261 F.R.D. 607, 614 (W.D. Okla. 2009) ("Having carefully reviewed the parties' submissions and the relevant case law, the Court adopts the reasoning of the Third Circuit and finds that aggregation of unrelated individuals is acceptable for the purposes of lead plaintiff in private securities litigation."); *Puda Coal*, 2011 U.S. Dist. LEXIS 140359, at *19-*20 (noting that the majority of courts allow a small and cohesive group of unrelated plaintiffs to serve as lead plaintiff because the PSLRA specifically allows for a "group of persons" to serve as lead plaintiff and because the PSLRA does not have a requirement that the members be related).

Consequently, the presumption, which lies in favor of the Molycorp Shareholder Group, cannot be rebutted. The Molycorp Shareholder Group should be appointed lead plaintiff and its selection of counsel should be approved.

## III.   CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the Molycorp Shareholder Group's opening motion, the Molycorp Shareholder Group respectfully requests that this Court enter an order: (1) appointing the Molycorp Shareholder

- 5 -

703332_2

Group to serve as Lead Plaintiff in this action; and (2) approving the Molycorp Shareholder Group's selection of counsel.

DATED:  April 24, 2012

Respectfully submitted,

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS

<u>         s/JEFFREY A. BERENS         </u>
JEFFREY A. BERENS

303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com

[Proposed] Liaison Counsel for Plaintiffs

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRIG R. SMITH
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

KESSLER TOPAZ MELTZER
  & CHECK, LLP
SEAN M. HANDLER
NAUMON A. AMJED
RYAN T. DEGNAN
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 24, 2012.

s/JEFFREY A. BERENS
JEFFREY A. BERENS

DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

E-mail: jeff@dyerberens.com

703332_2

# Mailing Information for a Case 1:12-cv-00292-WJM-KMT

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com

- **Travis Shenandoah Biffar**
  tbiffar@jonesday.com,kamarkwick@jonesday.com

- **Gregory J. Kerwin**
  gkerwin@gibsondunn.com,Denver_USDC@gibsondunn.com,AKostecka@gibsondunn.com,lhoward@gibsondunn.com

- **Allison Kaye Kostecka**
  akostecka@gibsondunn.com,lapodaca@gibsondunn.com

- **Eric Neil Landau**
  elandau@jonesday.com,kamarkwick@jonesday.com

- **Charles Walter Lilley**
  clilley@lilleylaw.com

- **Rana Nader**
  rnader@jonesday.com,epete@jonesday.com

- **Jeffrey S. Nobel**
  jnobel@izardnobel.com,nkulesa@izardnobel.com

- **Nicole Susan Schram**
  nikki@jmvpclaw.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com

- **The Allen Group**
  fmcconville@faruqilaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)