# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00292-WJM-KMT

ANGELO ALBANO, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

MOLYCORP, INC.,
MARK A. SMITH and
JAMES S. ALLEN,

    Defendants.

---

**SUPPLEMENTAL JOINT DECLARATION IN FURTHER SUPPORT OF THE MOLYCORP SHAREHOLDER GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

We, Randall Duck, Jerry W. Jewell, individually and as Trustee of the Jerry W. Jewell Trust, Philip Marner and Donald E. McAlpin (collectively, the "Molycorp Shareholder Group" or "Group"), pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectively submit this Supplemental Joint Declaration in response to the arguments made by competing movants, and in further support of the Molycorp Shareholder Group's motion for appointment as lead plaintiff in the above-captioned action on behalf of investors in Molycorp, Inc. ("Molycorp" or the "Company") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. We have been informed by counsel that certain movants have challenged the adequacy of our group to serve as lead plaintiff based on (1) a supposed lack of cohesiveness; (2) an alleged lack of knowledge that one of our group members could be appointed individually if the Court chose not to appoint the entire group; and (3) an alleged lack of knowledge of the group's members. Each of these arguments is false.

3. We believe that we have demonstrated our cohesiveness in the Joint Declaration filed concurrently with our motion for appointment as lead plaintiff. The Joint Declaration details why the group was formed and details the mechanisms we have implemented for cooperation, dispute resolution, and communication among the Group and counsel.

4. We were aware of who the other members of the group were prior to the motion being filed. Moreover, each of us was fully aware – before our joint motion was filed – that a joint motion would be filed on our Group's behalf. We also exchanged contact information with one another and are able to communicate among the Group (with and without counsel) as needed.

2

5. With respect to the alternative relief sought in our motion (i.e., the appointment of Philip Marner if the Court declines to appoint our Group), while each of us, given our respective losses, seeks an active role in leading this action, prior to filing our motion for appointment as lead plaintiff, we were informed by counsel that some courts have chosen to appoint an individual lead plaintiff as opposed to a group. Given this information and given our desire to commence the prosecution of the class' claims without undue delay we authorized counsel to seek the appointment of Philip Marner, in the alternative, if the Group's motion was denied. Each member of the Group approved the foregoing approach. Thus, any argument by competing movants that we did not authorize this statement is false.

\* \* \*

I, Randall Duck, make this part of the declaration on behalf of myself. As noted in the papers filed with our Lead Plaintiff motion, I signed and approved the Joint Declaration prior to its filing. Due to family and work commitments, I was unable to attempt to fax my signature page until approximately 11:00 p.m. Eastern time on April 3, 2012. Unfortunately, my fax machine experienced technical difficulties. Because I take my responsibilities in this action seriously, I stayed up and attempted to rectify the problems and fax the signature page until midnight. However, the fax transmission was unable to be completed. I authorized the filing of the Joint Declaration and faxed the already-signed signature page as soon as I could the next day from a different fax machine. Any argument by competing movants that I did not authorize or sign the Joint Declaration prior to its filing, or that I was remiss in failing to timely fax the signature page is untrue.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me are true to the best of my knowledge.

Executed this 2 day of May, 2012.

_____
Randall Duck

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me are true to the best of my knowledge.

Executed this ___ day of May, 2012.

*/s/ Jerry W. Jewell*

Jerry W. Jewell, individually and as Trustee of the Jerry W. Jewell Trust

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to me are true to the best of my knowledge.

Executed this 1st day of May, 2012.

_____

Philip Marner

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to me are true to the best of my knowledge.

Executed this __3__ day of May, 2012.

_____
Donald E. McAlpin