**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00292-WJM-KMT

In re MOLYCORP, INC. SECURITIES LITIGATION.

---

**DEFENDANTS' MOTION REQUESTING JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

---

Defendants respectfully request that the Court consider and take judicial notice of the documents attached as exhibits to the declaration of Travis Biffar ("Biffar Declaration") in support of defendants' motion to dismiss plaintiffs' consolidated class action complaint ("Complaint" or "CC"). Each exhibit to the Biffar Declaration is subject to judicial notice and supports the motion to dismiss by placing the challenged statements at issue in their proper context and providing the mix of information known to the public.

## I. COURTS MUST CONSIDER DOCUMENTS INCORPORATED BY REFERENCE OR SUBJECT TO JUDICIAL NOTICE

When ruling on motions to dismiss in securities cases, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007).

The Federal Rules of Evidence authorize the Court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[T]he court is permitted to take judicial notice of … facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d

560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Judicial notice is mandatory "if requested by a party and [the Court is] supplied with the necessary information." Fed. R. Evid. 201(d).

In support of their motion to dismiss, defendants request that the Court consider and take judicial notice of:

(A)  documents referenced in the Complaint (Biffar Declaration, Exs. 1-25, 27-31, 37, 40-41);

(B)  publicly available documents filed with and available from the United States Securities and Exchange Commission ("SEC") (Biffar Declaration, Exs. 12-26);

(C)  publicly available securities analyst reports (Biffar Declaration, Exs. 41-47); and

(D)  publicly available stock price data (Biffar Declaration, Ex. 48).

**A.    The Court Should Consider Documents Referenced in the Complaint**

It is well established that the Court may consider on a motion to dismiss the full text of documents referenced in the complaint of which the authenticity is not in dispute. *Tellabs*, 551 U.S. at 322; *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp.*, 130 F.3d at 1385. Accordingly, the Court should consider and take judicial notice of Exhibits 1 to 25, 27 to 31, 37, and 40 to 41. The Complaint selectively refers to each of these documents.

### B. The Court Should Take Judicial Notice of Molycorp's SEC Filings

When ruling on motions to dismiss, particularly in securities cases, courts routinely take judicial notice of documents publicly filed with, and available from, the SEC. *See*, *e.g.*, *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006); *In re Oppenheimer Rochester Funds Group Sec. Litig.*, 838 F. Supp. 2d 1148, 1156 (D. Colo. 2012) ("In securities cases, moreover, a court may take judicial notice of the contents of SEC filings that are a matter of public record."); *In re Crocs, Inc. Sec. Litig.*, 774 F. Supp. 2d 1122, 1143 n.3 (D. Colo. 2011) (taking judicial notice of Form 10-K filed with the SEC). Accordingly, the Court should consider and take judicial notice of Exhibits 12 to 26. These documents consist of the registration statements (Form S-1/A) and prospectuses (Form 424B4) for the February 2011 preferred stock offering and June 2011 secondary offering of common stock, annual reports (Form 10-K), and quarterly reports (Form 10-Q), all of which are publicly filed with the SEC and available from the SEC's website (http://www.sec.gov).

### C. The Court Should Take Judicial Notice of Analyst Reports Issued During and Immediately After the Class Period

The Court also may take judicial notice of analyst reports not specifically referenced in the Complaint, not for their truth, but to show what disclosures were available to the market. *Chipman v. AspenBio Pharma, Inc.*, No. 11-cv-00163-REB-KMT, 2012 WL 4069353, *2 (D. Colo. Sept. 17, 2012) (taking judicial notice of analyst reports for the purpose of showing the disclosures contained therein were made and available to investors); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) (taking judicial notice of analyst reports "not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public"); *In re Synchronoss Sec.*

*Litig.*, 705 F. Supp. 2d 367, 391 (D.N.J. 2010) (finding that the fact that the opinions of analysts or reporters were published can be judicially noticed).

In this case, defendants request judicial notice of the analyst reports not for their truth, but for the limited purpose of establishing the nature of the information in the public domain. The Court may properly consider each of these documents for this purpose. *See In re PetSmart Sec. Litig.*, 61 F. Supp. 2d 982, 987 n.1 (D. Ariz. 1999) (analyst reports admissible to establish "whether and when certain information was provided to the market," not for the truth of the matters asserted in the reports); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1116 n.10 (C.D. Cal. 2003) (same); *Padnes v. Scios Nova Inc.*, No. C 9501693, 1996 WL 539711, at *9 (N.D. Cal. Sept. 18, 1996) (taking judicial notice of analyst reports that demonstrated the exact information plaintiffs claimed was withheld from the market had in fact reached the market and noting that "plaintiffs cannot make a broad assertion of the absence of information which is contrary to known facts in order to resist a motion to dismiss."). Here, plaintiffs have alleged that the market learned that Molycorp did not have commercially viable amounts of heavy rare earth elements at its Mountain Pass mine as a result of certain news disclosures between November 8 and 10, 2011, which supposedly caused Molycorp's securities prices to decline between November 8 and 11, 2011. CC, ¶¶ 149-151. However, the publicly available analyst reports issued on November 11, 2011 and shortly thereafter show that none of the analysts that followed Molycorp mentioned or discussed this information, but attributed other unrelated information to a drop in Molycorp's stock price, namely, disappointing 3Q11 financial results, which missed the analysts' consensus estimates.

Moreover, plaintiffs have invoked the fraud-on-the-market theory to establish a rebuttable presumption of transaction causation, *i.e.*, reliance on public statements by defendants in deciding to purchase Molycorp securities. CC, ¶¶162-63. Plaintiffs acknowledge that analyst coverage supports this theory. CC, ¶ 162(d) (alleging in support of fraud-on-the-market theory that "Molycorp was followed by numerous major securities and industry analysts and brokerage firms throughout the Class Period who regularly issued reports that were distributed to investors. Each of these reports were publicly available and entered the public marketplace[.]"). In fraud-on-the-market cases, such as this one, courts routinely take judicial notice of analyst reports "in order to assess what the market knew at particular points in time, even where the materials were not specifically referenced in the complaint." *Johnson v. Pozen Inc.*, No. 1:07CV599, 2009 WL 426235, at *2 (M.D.N.C. Feb. 19, 2009). Accordingly, the Court should consider and take judicial notice of Exhibits 41 to 47.

**D. The Court Should Take Judicial Notice of Molycorp's Stock Price Data**

Defendants also request judicial notice of Molycorp's published stock price data (daily prices and volumes of shares traded published online by *Yahoo! Finance*, available at http://finance.yahoo.com/q/hp?s=MCP+Historical+Prices). These publicly available and widely consulted data are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Indeed, "[j]udicial notice of publicly traded stock is well recognized." *SEC v. C. Jones & Co.*, No. 03–cv–00636–WDM–KLM, 2009 WL 321696, **1 (D. Colo. Feb. 10, 2009) (taking judicial notice of publicly traded company's stock prices and trading volumes from internet publication); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008) (judicial notice of

defendant public company's stock price history was proper); *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008) (same); *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n. 4 (4th Cir. 2004) (taking judicial notice of published stock prices in the context of a motion to dismiss); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 n. 8 (2d Cir. 2000) (district court may take judicial notice of public stock prices).

As with analyst reports, judicial notice of stock price data is well-taken in a fraud-on-the-market case. *See*, *e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp. 2d 566, 583 (S.D.N.Y. 2005) ("Such judicial notice is particularly appropriate where 'the movement of [the] stock price is integral to the plaintiffs' fraud-on-the-market theory.'") (citing *Ganino*, 228 F.3d at 167 n.8). In this case, plaintiffs have alleged that the movement of Molycorp's securities prices is integral to their fraud-on-the-market theory. Among other things, plaintiffs allege that Molycorp securities promptly reacted to and reflected new public information regarding Molycorp. CC, ¶ 163. Moreover, plaintiffs refer to and rely on Molycorp's stock prices throughout the Complaint. *See* CC, ¶¶ 5, 88, 104, 119, 140, 142, 159-161. Accordingly, the Court should consider and take judicial notice of Exhibit 48.

///

///

///

## II.  CONCLUSION

Defendants respectfully request that the Court consider and take judicial notice of the documents submitted as exhibits to the Biffar Declaration when ruling on the motion to dismiss.

Dated:  October 22, 2012

Respectfully submitted,

/s/ Travis Biffar
Eric Landau
Travis Biffar
Kevin Logan

JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
Telephone:   949/851-3939
Facsimile:    949/553-7539

Counsel for defendants Mark A. Smith, James S. Allen, John F. Ashburn, Jr., and John L. Burba

/s/ Brian T. Carney
Stephen M. Baldini
Brian T. Carney

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036-6745
Telephone:   212/872-1000
Facsimile:    212/872-1002

Counsel for defendants Craig M. Cogut and Pegasus Capital Advisors, L.P.

/s/ Gregory J. Kerwin
Gregory J. Kerwin
Allison K. Kostecka

GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202
Telephone:   303/298-5700
Facsimile:    303/298-5907

Counsel for Defendants Molycorp, Inc., Russell D. Ball, Ross R. Bhappu, Brian T. Dolan, Mark Kristoff, Alec Machiels, Charles R. Henry and Jack E. Thompson

/s/ Bruce D. Angiolillo
Bruce D. Angiolillo
Jonathan K. Youngwood
Jeffrey Roether

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954
Telephone:  212/455-2000
Facsimile:  212/455-2502

Peter G. Koclanes
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street
Suite 3000
Denver, CO 80202
Telephone:  303/297-2900
Facsimile:  303/298-0940

Counsel for defendants J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Knight Capital Americas, L.P., Dahlman Rose & Company, LLC, Stifel, Nicolaus & Company, Incorporated, BNP Paribus Securities Corp., CIBC World Markets Corp., Piper Jaffrey & Co. and RBS Securities Inc.

/s/ Daniel F. Wake
Daniel F. Wake
S. Kirk Ingebretsen

SANDER INGEBRETSEN & WAKE, P.C.
1660 17th Street, Suite 450
Denver, CO 80202
Telephone:  303/285-5300
Facsimile:  303/285-5301

Counsel for defendant RCF Management, LLC


/s/ David A. Berger
David A. Berger

ALLEGAERT BERGER & VOGEL LLP
111 Broadway, 20th Floor
New York, NY 10006
Telephone:  212/571-0550
Facsimile:  212/571-0555

Counsel for defendant T-II Holdings, LLC

IRI-43559v2

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2012, at Irvine, California.

*/s/ Travis Biffar*
Travis Biffar

## Mailing Information for a Case 1:12-cv-00292-WJM-KMT

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bruce D. Angiolillo**
  bangiolillo@stblaw.com
- **Stephen M. Baldini**
  sbaldini@akingump.com,nymco@akingump.com
- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com
- **Travis Shenandoah Biffar**
  tbiffar@jonesday.com,kamarkwick@jonesday.com
- **Brian Thomas Carney**
  bcarney@akingump.com
- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **John Jay Gross**
  jgross@ktmc.com,ahankins@ktmc.com
- **Julie A. Kearns**
  jkearns@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Gregory J. Kerwin**
  gkerwin@gibsondunn.com,Denver_USDC@gibsondunn.com,AKostecka@gibsondunn.com,lhoward@gibsondunn.com
- **Peter George Koclanes**
  pkoclanes@shermanhoward.com,lcrisswell@shermanhoward.com,efiling@sah.com
- **Allison Kaye Kostecka**
  akostecka@gibsondunn.com,lapodaca@gibsondunn.com
- **Meredith Leigh Lambert**
  mlambert@ktmc.com
- **Eric Neil Landau**
  elandau@jonesday.com,kamarkwick@jonesday.com
- **Charles Walter Lilley**
  clilley@lilleylaw.com
- **J. Nicholas McKeever , Jr**
  nmckeever@shermanhoward.com,efiling@sah.com
- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,tamar.pacht@ksfcounsel.com

- **Rana Nader**
  rnader@jonesday.com,epete@jonesday.com

- **Jeffrey S. Nobel**
  jnobel@izardnobel.com,nkulesa@izardnobel.com

- **Jeffrey Lawrence Roether**
  jroether@stblaw.com

- **Nicole Susan Schram**
  nikki@jmvpclaw.com,monica@jmvpclaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com,asharbutt@rgrdlaw.com

- **Benjamin James Sweet**
  bsweet@ktmc.com,ahankins@ktmc.com

- **The Allen Group**
  fmcconville@faruqilaw.com

- **Jeffrey Mark Villanueva**
  jeff@jmvpclaw.com,nikki@jmvpclaw.com,monica@jmvpclaw.com

- **Michael Keith Yarnoff**
  myarnoff@ktmc.com,ahankins@ktmc.com

- **Jonathan D.K. Youngwood**
  jyoungwood@stblaw.com

**Manual Notice List**

**David Adam Berger**
Allegaert Berger Vogel LLP
111 Broadway
20th Floor
New York, NY 10006