**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-CV-00292-RM-KMT

In re MOLYCORP, INC. SECURITIES LITIGATION.

---

**ORDER**

---

This matter comes before the Court on Defendants' Request for the Court to take Judicial Notice (ECF No. 111) of documents in support of the Motion to Dismiss (ECF No. 109) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS, in part, and DENIES, in part, Defendants' motion for the the Court to take judicial notice.

**I.      BACKGROUND**

Pursuant to Federal Rule of Evidence 201, Defendants ask the Court to take judicial notice of four categories of documents in connection with their Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint") (ECF No. 60). The first category of documents consists of documents referenced in the Complaint, and attached to the declaration submitted in support of Defendants' request for judicial notice (ECF No. 112, Exs. 1-31, 37, 40-41). The second category of documents consists of publicly available documents filed with and available from the United States Securities and Exchange Commission ("SEC") (ECF No. 112, Exs. 12-26). The third category of documents consists of publicly available press releases/comments and securities analysts' reports (ECF No. 112, Exs. 27-47). And the fourth category of documents consists of publicly available stock price data (ECF No. 112, Ex. 48.)

Subsequent to Defendants' request for judicial notice (ECF No. 111), the parties stipulated to the Court's taking judicial notice of certain documents (ECF No. 116 at 3). Plaintiffs do not oppose the Court's taking judicial notice of Exhibits 12, 15, 21, 26, 27, 31-36, 38, 39, and 41 attached to Travis Biffar's ("Biffar") declaration (ECF No. 112). Plaintiffs take no position as to whether the Court should take judicial notice of Exhibits 1-11, 13-14, 16-20, 22-25, 28-30, 37, and 40 attached to Biffar's declaration (ECF No. 112). Plaintiffs oppose Defendants' request for judicial notice of Exhibits 42-48 attached to Biffar's declaration (ECF No. 112).

## II.   LEGAL STANDARDS AND ANALYSIS

In deciding a Rule 12(b)(6) motion to dismiss a securities fraud complaint, the Court must accept all factual allegations in the Complaint as true and consider the Complaint in its entirety, including documents incorporated into the Complaint by reference and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

### A.   Documents Incorporated into the Complaint

The Court may consider documents referred to in a complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation omitted). Defendants seek judicial recognition of various documents Plaintiffs referenced in their Complaint (ECF No. 112, Exs. 12-26), including SEC filings of Molycorp, Inc. ("Molycorp") and the individual Defendants. The parties do not dispute the documents' authenticity. Plaintiffs object to Defendants' request for judicial recognition of certain of these documents (ECF No.

112, Exs. 13-14, 16-20, 22-25) only on the basis that Defendants do not cite to them in their motion to dismiss (ECF Nos. 109; 110). (ECF No. 115 at 5.) Because Plaintiffs do not dispute these objected-to documents' authenticity or that they are referenced in the Complaint, the Court GRANTS Defendants' request with respect to these documents (ECF No. 112, Exs. 12-26).

### B. Documents Not Subject to Reasonable Dispute

Federal Rule of Evidence 201 provides that the Court may take judicial notice of an adjudicative fact not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Defendants contend judicial notice of certain documents attached to Biffar's declaration (ECF No. 112, Exs. 1-11, 27-48) is appropriate because all are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Plaintiffs have objected to Defendants' request only with respect to Exhibits 42-48.

### 1. Exhibits 42-47

Defendants request the Court to judicially notice six securities analysts' reports (ECF No. 112, Exs. 42-47) for the "limited purpose of establishing the nature of the information in the public domain." (ECF No. 111 at 4.) The Court understands that it may take judicial notice of publicly available investor communications and stock analysts' reports for the limited purpose of showing that various disclosures were made and available to investors. *Chipman v. Aspenbio Pharma, Inc.*, Case No. 11-CV-00163-REB-KMT, 2012 WL 4069353, at *2 (D. Colo. Sept. 17, 2012). But Defendants' request centers upon its contesting what was the publically available information between November 8 and 10, 2011. (ECF No. 111 at 4.) Defendants' request, at this matter's current procedural posture, *i.e.*, on Defendants' pending motion to dismiss (ECF

No. 109), proves too much for it is being used to assert that no information entered the marketplace informing investors of the lack of rare earth metals rather than for the limited purpose as to what these analysts specifically informed investors.

For this reason, the Court DENIES Defendants' request to take judicial notice as to Exhibits 42-47 attached to Biffar's declaration. *See Noble Asset Mgmt. v. Allos Therapeutics, Inc.*, Case No. CIVA-04CV-1030-RPM, 2005 WL 4161977, at *2 (D. Colo. Oct. 20, 2005) (citation omitted).

### 2. Exhibit 48

Exhibit 48 to Biffar's declaration (ECF No. 112) consists of Molycorp's published stock price data (daily prices and volumes of shares traded published online by Yahoo! Finance, available at https://finance.yahoo.com/q/hp?s=MCP+Historical+Prices (last visited Mar. 12, 2015)). Because stock price data is capable of ready and accurate determination, judicial notice is appropriate. Fed. R. Evid. 201(b)(2); *SEC v. C. Jones & Co.*, Case No. 03-CV-00636-WDM-KML, 2009 WL 321696, at *1 (D. Colo. Feb. 10, 2009) (citation omitted). Thus, the Court GRANTS Defendants' request for judicial notice of this document.

### 3. Remaining Documents: Exhibits 1-11, 27-41

Plaintiffs do not object to the remaining documents (ECF No. 112, Exs. 1-11, 27-41) for which Defendants request the Court to judicially notice. (ECF No. 116 at 3). Because the Court does not use these remaining documents in reaching its holdings as to Defendants' motion to dismiss (ECF No. 109), the Court DENIES without prejudice Defendants' request.

**III. CONCLUSION**

Based on the foregoing, the Court:

(1) GRANTS, in part, and DENIES, in part, Defendants' request for judicial notice (ECF No. 111), to wit, the Court:

    (i) TAKES judicial notice of Exhibits 12-26 and 48 attached to Biffar's declaration (ECF No. 112); and

    (ii) DOES NOT TAKE judicial notice of Exhibits 1-11 and 27-47 attached to Biffar's declaration (ECF No. 112).

DATED this 30th day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge