# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00292-RM-KMT

In re MOLYCORP, INC. SECURITIES LITIGATION.

_____

### JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER
_____

Lead Plaintiffs Randall Duck, Jerry W. Jewell, Philip Marner and Donald E. McAlpin; representative Plaintiffs Iron Workers Mid-South Pension Fund, Joseph Martiny, Jayne McCarthy, Robert Grabowski, Marjorine Dowd, Kyle Hare, Robert DeStefano and Eugene R. Salmon; Officer Defendants Mark A. Smith, James S. Allen, John F. Ashburn, Jr., and John L. Burba; Director Defendants Russell D. Ball, Ross R. Bhappu, Brian T. Dolan, Mark Kristoff, Alec Machiels, Charles R. Henry and Jack E. Thompson; and the Underwriter Defendants J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Knight Capital Americas, L.P., Dahlman Rose & Company, LLC, Stifel, Nicolaus & Company, Incorporated, BNP Paribas Securities Corp., CIBC World Markets Corp., Piper Jaffray & Co. and RBS Securities, Inc. move the Court to enter a Stipulated Protective Order to protect confidential information that may be produced in discovery in this action. The proposed Order below is based on the approved protective order entered in this District in the matter of *Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000).

### STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly

annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is not available to the public and that the designating party (i) believes in good faith constitutes sensitive personal or commercial information or (ii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys actively working on this case;
   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
   c. the parties, and their designated representatives;

3

       d.   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

       e.   the Court and its employees ("Court Personnel");

       f.   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       g.   deponents, witnesses, or potential witnesses; and

       h.   other persons by written agreement of the parties.

     5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. CONFIDENTIAL information may be disclosed to a deposition witness who refuses to sign Exhibit A if the witness has been told that the CONFIDENTIAL information may be protected by federal and applicable state law, and that misuse, misappropriation or wrongful disclosure of the CONFIDENTIAL information might subject the witness to civil and/or criminal liability.  Witnesses shown CONFIDENTIAL information, who will not sign Exhibit A, shall not be allowed to retain copies of the CONFIDENTIAL information.

     6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:

"CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. In the event that any party or non-party inadvertently produces documents,

materials, or information that it determines to be CONFIDENTIAL, without designating them as such, that party or non-party may provide written notice demanding that the inadvertently produced documents, materials or information and all copies thereof either be returned within three (3) days or immediately stamped with the appropriate designation. The receiving party shall comply with the demand, but may then challenge the claim of confidentiality as provided elsewhere in this Protective Order.

      10.     Notwithstanding the other provisions of this Stipulation, including Paragraph 4, the producing party may designate certain Confidential Information as "ADVISORS' EYES ONLY," in which case such Confidential Information may be viewed by a receiving party's counsel (and other outside advisors that have executed Exhibit A) and the other parties identified in Paragraph 4 (d) and (e) but may not otherwise be disclosed. "ADVISORS' EYES ONLY" means that subset of Confidential Information that would not normally be disclosed to the parties or to the public at large, would be maintained in confidence, and that the designating party in good faith believes is so economically, competitively, or personally sensitive that disclosure would materially affect or threaten injury to personal, business, commercial or financial interests. Such Confidential Information includes, but is not limited to, trade secrets or other highly sensitive competitive personal, financial, commercial or proprietary research and development information, including without limitation proprietary technical information about how Molycorp, Inc. ("Molycorp") produced and separated rare earth elements. Documents are designated as ADVISORS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "ADVISORS' EYES ONLY."

      11.     Inadvertent production of any document in this action by any party or non-party that the producing party later claims should have been withheld on grounds of a privilege,

including the work product doctrine (an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection and will be governed by the provisions of the "Stipulated Order Under Federal Rules of Evidence 502(D) and (E)" the Court entered on February 19, 2016 (Dkt. 185).

12. To the extent that any party seeks to file a document, pleading, or brief with the Court that contains information that has been designated as CONFIDENTIAL, that party shall file the document as a restricted document pursuant to Local Rule 7.2(e). To the extent that any party seeks to restrict any Court filing on the basis that it contains information that has been designated as CONFIDENTIAL, the party will file an appropriate motion and comply with all requirements of D.C. COLO. L Civ R 7.2. Nothing in this Protective Order requires the Court to restrict any filing.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding anything contained herein to the contrary, outside counsel for the parties may retain deposition and trial transcripts and exhibits thereto, attorney work product, and papers filed with the Court containing information designated as CONFIDENTIAL, provided that such outside counsel, and employees of such outside counsel, shall not disclose such documents or material to any person except pursuant to court or administrative order or agreement with the party that produced the information.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED BY THE COURT:

March 14, 2016

_____
Kathleen M. Tafoya,
United States Magistrate Judge

| | |
|---|---|
| Dated: March 10, 2016 | Respectfully Submitted, |

 *s/ Trig R. Smith*  
Jonah H. Goldstein  
Trig R. Smith  
Regis C. Worley, Jr.  
ROBBINS GELLER RUDMAN & DOWD LLP  
655 West Broadway, Suite 1900  
San Diego, CA 92101  
Telephone: (619) 231-1058  
Facsimile: (619) 231-7423  

Counsel for Plaintiffs  


Michael K. Yarnoff  
Matthew L. Mustokoff  
Meredith L. Lambert  
Joshua A. Materese  
KESSLER TOPAZ MELTZER & CHECK, LLP  
280 King of Prussia Road  
Radnor, PA 19087  
Telephone: (610) 667-7706  
Facsimile: (610) 667-7056  

Counsel for Plaintiffs  

 *s/ Gregory J. Kerwin*  
Gregory J. Kerwin  
Allison K. Kostecka  

GIBSON, DUNN & CRUTCHER LLP  
1801 California Street, Suite 4200  
Denver, CO 80202  
Telephone:   303/298-5700  
Facsimile:      303/298-5907  

Counsel for Defendants Russell D. Ball, Ross R. Bhappu, Brian T. Dolan, Mark Kristoff, Alec Machiels, Charles R. Henry and Jack E. Thompson  

 *s/ Koji F. Fukumura*  
Koji F. Fukumura  

COOLEY LLP  
4401 Eastgate Mall  
San Diego, CA 92121-1909  
Telephone:   858/550-6047  
Facsimile:      858/550-6420  

Counsel for Defendants Mark A. Smith, James S. Allen, John F. Ashburn, Jr., and John L. Burba

| | |
|---|---|
| Jeffrey A. Berens | *s/ Jonathan K. Youngwood*<br>Jonathan K. Youngwood |
| BERENS LAW LLC<br>2373 Central Park Boulevard, Suite 100<br>Denver, CO 80238-2300<br>Telephone: 303.861.1764<br>Facsimile: 303.395.0393<br>jeff@jberenslaw.com<br><br>Liaison Counsel for Plaintiffs | SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>Telephone:  212/455-2000<br>Facsimile:   212/455-2502<br><br>Counsel for Defendants J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Knight Capital Americas, L.P., Dahlman Rose & Company, LLC, Stifel, Nicolaus & Company, Incorporated, BNP Paribas Securities Corp., CIBC World Markets Corp., Piper Jaffray & Co. and RBS Securities, Inc. |

## CERTIFICATE OF SERVICE

I, hereby certify that on March 10, 2016, I served a copy of the foregoing **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** through the Electronic Court Filing system to all counsel of record.

*/s/ Gregory J. Kerwin*
Gregory J. Kerwin

## **EXHIBIT A**

I have read the attached Protective Order entered by the Court in *In re Molycorp Securities Litigation*, No. 1:12-cv-292 (D. Colo.) and agree to be bound by its provisions.

Date: _____

_____
Printed Name

_____
Signature

_____

_____
Address