**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00292-RM-KMT

In re MOLYCORP, INC. SECURITIES LITIGATION

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
APPROVING NOTICE TO THE CLASS, AND SCHEDULING A
FINAL APPROVAL HEARING**

**WHEREAS**, an action is pending before this Court entitled *In re Molycorp, Inc. Securities Litigation*, Civil Action No. 1:12-cv-00292-RM-KMT (the "Litigation");

**WHEREAS**, Randall Duck, Jerry W. Jewell, individually and as trustee of the Jerry W. Jewell Trust, Philip Marner, and Donald E. McAlpin (the "Lead Plaintiffs") having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of October 27, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice;

**WHEREAS**, the Court is familiar with the record in the Litigation and has reviewed the Stipulation, including the Exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

3. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Class defined as follows:

> All persons who purchased or otherwise acquired Molycorp securities from February 7, 2011 through November 10, 2011, inclusive, including all persons who purchased or acquired Molycorp common stock and/or Molycorp 5.50% Series A Mandatory Convertible Preferred Stock ("Preferred Stock") pursuant to the February 2011 offering, and all persons who purchased or acquired Molycorp common stock pursuant to the June 2011 offering, and who were damaged thereby. Excluded from the Class are: (i) Defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above excluded persons have or had a majority ownership interest; (ii)

Molycorp (including any parent, subsidiary or corporate successor of Molycorp); and (iii) any putative member of the Class who timely and validly excludes himself, herself, or itself from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action and Rule 23 of the Federal Rules of Civil Procedure. The foregoing exclusion in (i) shall not cover "Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Underwriter Defendant or any of its affiliates or Molycorp or any Individual Defendant has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity, other than an investment vehicle of which the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or affiliate's ownership or interest.

## I. NOTICE

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); the Constitution of the United States (including the Due Process clause); and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Defendants have already provided to the Claims Administrator, without any charge to Lead Plaintiffs or the Class, Molycorp's shareholder lists in a computer readable format. Commencing not later than **March 16, 2017** (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

(b) Not later than fourteen (14) calendar days from the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over a national newswire service; and

(c) At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased or acquired Molycorp common stock and/or Preferred Stock for the beneficial ownership of Class Members during the Class Period shall: (i) send the Notice and the Proof of Claim to all such beneficial owners of Molycorp common stock and/or Preferred Stock within ten (10) calendar days after receipt of the Notice and Proof of Claim from the Claims Administrator; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt of the Notice and Proof of Claim from the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested and provided with proper supporting documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

## II. HEARING: RIGHT TO BE HEARD

7. A hearing (the "Final Approval Hearing") shall be held before this Court on **June 16, 2017, at 1:30 p.m.**, at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A601, Denver, CO 80294, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment, as provided in ¶1.17 of the Stipulation, should be entered; (iii) whether the proposed Plan of Allocation is fair and reasonable and should be approved; (iv) the amount of fees and expenses that should be awarded to Lead Counsel; and (v) the amount of expenses to be awarded to Lead Plaintiffs. The Court may adjourn the Final Approval Hearing without further notice to the Members of the Class.

8. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiffs for their expenses shall be filed and served by **May 5, 2017**. Replies to any objections or in further support of the Settlement, the Plan of Allocation, and the applications for attorneys' fees and expenses shall be filed and served **fourteen (14) calendar** days prior to the Final Approval Hearing.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

9.     Any Member of the Class may appear and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the expenses of Lead Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before **May 22, 2017**, by:

### Lead Counsel for the Class

**Robbins Geller Rudman & Dowd LLP**, Trig R. Smith, 655 West Broadway, Suite 1900, San Diego, CA 92101;

**Kessler Topaz Meltzer & Check, LLP**, Matthew Mustokoff, 280 King of Prussia Road, Radnor, PA 19087;

### Counsel for Defendants

**Cooley LLP**, Koji F. Fukumura, 4401 Eastgate Mall, San Diego, CA 92121 (counsel for Mark A. Smith, James S. Allen, John F. Ashburn, Jr., and John L. Burba);

**Gibson, Dunn & Crutcher LLP**, Gregory J. Kerwin, 1801 California Street, Suite 4200, Denver, CO 80202 (counsel for Russell D. Ball, Ross R. Bhappu, Brian T. Dolan, Mark Kristoff, Alec Machiels, Charles R. Henry and Jack E. Thompson); and

**Simpson Thacher & Bartlett LLP**, Jonathan K. Youngwood, 425 Lexington Avenue, New York, NY 10017 (counsel for the Underwriter Defendants);

and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Room A105, Denver, CO 80294, on or before **May 22, 2017**. Any Member of the Class who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the

proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiffs, unless otherwise ordered by the Court.  By objecting to the proposed Settlement as set forth in the Stipulation, the Judgment, the Plan of Allocation, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including the release of the Released Claims provided for in the Settlement and Judgment).

10. Any Member of the Class may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing.  If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel so that the notice is received fourteen (14) days prior to the Final Approval Hearing.

11. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.  If the Settlement is approved, all Class Members will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Settlement, and by any judgment or determination of the Court affecting the Class Members, regardless of whether or not a Class Member submits a Proof of Claim.

12. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

13. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further

applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

### III.   CLAIMS PROCESS

14.   Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) days from the Notice Date.

15.   Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but nonetheless will be bound by all of the terms of the Settlement, including the releases provided therein, and shall be barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the Class Members. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16.   Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

17. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than **May 22, 2017**. To be valid, a Request for Exclusion must state all of the information requested by §XII of the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

## V. MISCELLANEOUS

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. Neither the Defendants, Released Parties, nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. All Taxes, Tax Expenses, and Notice and Administration Expenses shall be paid from the Settlement Fund. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and/or properly disbursed pursuant to ¶¶3.5 or 4.1 of the Stipulation.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

22. Unless the Settlement is terminated or not finally approved, only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement.

23. Unless otherwise provided in the Settlement, there shall be no distribution of any of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

24. If the Stipulation and the Settlement set forth therein fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶22-25) shall be null and void, the Settlement shall be deemed terminated, and the Settling Parties shall return to their positions as of July 14, 2016, without prejudice to the rights of the Settling Parties *status quo ante*.

25. The Court hereby orders a continuation of the stay of this Litigation first entered on July 28, 2016 (Dkt. 228), and Lead Plaintiffs, all Class Members, and anyone who acts or purports to act on their behalf, shall not commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**SO ORDERED.**

DATED this 6th day of March, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge