**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00292-RM-KMT

In re MOLYCORP, INC. SECURITIES LITIGATION

---

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

---

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement, Approving Notice to the Class, and Scheduling a Final Approval Hearing ("Preliminary Approval Order") dated March 6, 2017, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of October 27, 2016 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Court finally certifies this Litigation as a class action with a Class defined as all persons who purchased or otherwise acquired Molycorp securities from February 7, 2011 through November 10, 2011, inclusive, including all persons who purchased or acquired Molycorp common stock and/or Molycorp 5.50% Series A Mandatory Convertible Preferred Stock pursuant to the February 2011 offering, and all persons who purchased or acquired Molycorp common stock pursuant to the June 2011 offering, and who were damaged thereby. Excluded from the Class are: (i) Defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above excluded persons have or had a majority ownership interest; (ii) Molycorp (including any parent, subsidiary or corporate successor of Molycorp); and (iii) any putative member of the Class who

timely and validly excluded himself, herself, or itself from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action and Rule 23 of the Federal Rules of Civil Procedure. The foregoing exclusion in (i) shall not cover "Investment Vehicles," which for these purposes shall mean any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Underwriter Defendant or any of its affiliates or Molycorp or any Individual Defendant has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity, other than an investment vehicle of which the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or affiliate's ownership or interest.

4. With respect to the Class, and for purposes of this Settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation. Accordingly, for settlement purposes only, the Class is

certified, Lead Plaintiffs are appointed Class Representatives, and Lead Counsel are appointed Class Counsel.

5. The Notice of Pendency and Proposed Settlement of Class Action was given to all Class Members who could be identified with reasonable effort and was in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Litigation as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7); Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Two objections to the Settlement have been received (Dkt. Nos. 257-1 and 258), which the Court has considered and found to be without merit.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel representing the interests of the Settling Parties and undertaken with the assistance of an experienced mediator; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and the Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Pursuant to and in compliance with Federal Rule of Civil Procedure 23, the Court hereby finds that due and adequate notices of these proceedings was directed to all persons and entities who are Members of the Class, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities that are Members of the Class to be heard with respect to the Settlement. Thus, it is hereby determined that all Members of the Class, other than those persons and entities that are listed in Exhibit 1 hereto, are bound by this Judgment.

10. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release Form,

seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation, or has objected to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and litigation expenses, or Lead Plaintiffs' application for expenses.

11. Upon the Effective Date, except as provided in ¶¶14, 19 below, any and all persons and entities are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person or entity is their actual or threatened liability to the Class or a Class Member in the Litigation) based upon, relating to, arising out of, or in connection with the Released Claims, against each and every one of the Released Parties, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Litigation or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in ¶¶14, 19 below, the Released Parties are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to any of the Released Parties is their actual or threated liability to the Class or a Class Member in the Litigation) based upon, relating to, or arising out of the Released Claims, against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Litigation or a separate action, in this Court or in any other court, arbitration proceedings, administrative proceeding, or other forum. Nothing herein shall bar, release or alter in any way, any obligations, rights or claims among or between the Released Parties.

12. Upon the Effective Date, any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the bar order described in ¶11 above, shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of any of the Defendants for common damages; or (b) the Settlement Amount.

13. Upon the Effective Date, each of the Defendants and Affiliate Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, Class Members, and their counsel, employees, successors, and assigns from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

14. Notwithstanding any of the releases or the bar order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the Stipulation.

15. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered by a Settling Party or a Released Party against the Released Parties, Lead Plaintiffs, or other Class Members as evidence of, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties, or by Lead Plaintiffs or any other Class Members, with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b) shall be offered by a Settling Party or a Released Party against the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties, or against Lead Plaintiffs or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs and the other Class Members;

(c) is or may be deemed to be or may be used as an admission of, or evidence of, any presumption, concession, or admission by Lead Plaintiffs that any of their claims are without merit or that any of the Defendants had meritorious defenses;

(d) shall be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Lead Plaintiffs or the other Class Members as an admission or concession that the consideration to be paid under the Stipulation represented the amount which could be or would have been recovered after trial or that any damages potentially recoverable in the Litigation would have exceeded or would have been less than the Settlement Amount; or

(e) shall be constructed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Litigation, except for the purposes of this Settlement.

Defendants and/or any Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

16. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or Lead Plaintiffs' expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation, including any releases and bar orders executed in connection therewith.

18. The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times and in all respects have complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or any entity who paid such Settlement Amount on behalf of the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated to the extent provided by the Stipulation and, in such event, (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the Stipulation shall not be admissible in any trial of the Litigation and Lead Plaintiffs and Defendants reserve their rights to proceed in all respects as if the Stipulation had not been entered into, without any prejudice in any way from the negotiation, fact, or terms of the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Stipulation.

**SO ORDERED.**

DATED this 16th day of June, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

**EXHIBIT 1**

**Persons Excluded from the Class Pursuant to Request**

1. Marios Kagarlis
   Greece

2. Andreas S. Svoronos (Deceased)
   Betty Svoronos
   Katy, TX

3. Harvey Salevski Rollover IRA
   Mukwonago, WI

4. Arne Brinkland
   Orange, CA

5. James D. Jordan Living Trust
   James D. Jordan TTEE
   Tulsa, OK

6. William J. Krizsan
   Twinsburg, OH

7. Wilhelmina L. Seib Trust
   David C. Seib TTEE
   Olean, NY

8. Patti Johnstone
   Kagawong, Ontario
   Canada

9. Catherine Bergin
   Fountain Inn, SC

10. Henry M. Vlanin
    San Francisco, CA

11. W.W. Abbott & B.V. Abbott Trust
    William & Barbara Abbott TTEES
    Sherrills Ford, NC

12. Barry J. Fegely
    Quakertown, PA

13. Jon K. B. Riggs
    Bellbrook, OH